# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 18-cr-00027-KD |
| | ) | |
| DUSTEN ANDREW RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Dusten Andrew Richardson's Motion for Judgment of Acquittal and in the Alternative, Motion for New Trial and the United States' Response. (Docs. 26 & 28). Richardson advances two main arguments. First, Richardson argues he never completed the act of stealing the firearms therefore cannot be convicted of possessing stolen firearms. Second, Richardson argues that the United States' theory of the case—i.e., , "a defendant could commit a theft of a firearm, and in the next instant, the defendant could also be guilty of being in possession of a 'stolen' firearm"—runs contrary to the plain language of the statute pursuant to which the jury convicted Richardson. (Doc. 26 at 2-3).

**I.    Background**

The United States', in response, adeptly synthesized the evidence of Richardson's crime, which Richardson largely did not contest at trial.

> The unrefuted testimony was that the defendant burglarized the barn and two sheds on the Hatchett's family farm in the early morning hours of December 19, 2017. While compiling items to take, Richardson moved two firearms and ammunition around the property. Before leaving the property, Richardson was confronted by Hatchett and his two sons who held Richardson at gunpoint while deputies were in route to the farm. Richardson was eventually apprehended and arrested.
>
> Richardson admitted to a detective on that date to attempting to take the property including the firearms. Items that did not belong to the Hatchett's was found on the property along with an identification card that belong to Richardson. Ten days later,

> Richardson was interviewed by a special agent and admitted to moving the Hatchett's property, including the firearms, around the barn and sheds but did not know what he intended to do with the property. There was a stipulation that the firearms were in and affecting interstate commerce.

(Doc. 28 at 2).

On February 21, 2018, the grand jury indicted Dusten Andrew Richardson on a single count. (Doc. 1). The indictment alleged Richardson knowingly received, possessed, concealed, and stored two stolen firearms, a Marlin rifle and a Rossi shotgun. (Id.) The statute under which the grand jury indicted Richardson was 18 U.S.C. § 922(j). The issue Richardson raises in his motion for new trial came up early, when Richard filed a motion for Bill of Particulars. (Doc. 13). There, Richardson's counsel requested "details in order to determine whether to file a Motion to Dismiss . . . ." (Doc. 13 at 3). Magistrate Judge P. Bradley Murray denied Richardson's motion because it failed to fall within the Eleventh Circuit's standard required for a Bill of Particulars. (Doc. 16; United States v. Davis, 854 F.3d 1276, 1293 (11th Cir.) (noting "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery")).

Trial began and ended on April 30. After a short trial, with even shorter jury deliberations, Richardson was convicted. Before the defense recessed, without putting forth any evidence, Richardson moved for judgment of acquittal, which the Court denied.

## II. Analysis

The statute under which Richardson was indicted and convicted, 18 U.S.C. § 922(j), provides that

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign

2

commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

Because Richardson's motion is predicated on two rules, the Court applies two standards.

### a. Motion for Judgment of Acquittal

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). The Rule also provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1).

"A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In deciding such a motion, "district courts should apply the same standard as that used for reviewing a conviction for sufficiency of the evidence. The Court must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citations omitted). See United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007) ("In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."). To sustain a conviction, the evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations and citation omitted). "The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must

3

accept all reasonable inferences and credibility determinations made by the jury." Sellers, 871 F.2d at 1021 (internal citations omitted).

Therefore, a "conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Tate, 586 F.3d 936, 944 (11th Cir. 2009) (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)). "[T]he relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

In order to convict an individual pursuant to 18 U.S.C. § 922(j), the government must prove beyond a reasonable doubt that (1) the defendant possessed a stolen firearm, (2) the firearm was part of interstate commerce, and (3) the defendant knew or had reason to know that the firearm was stolen. United States v. Seabrooks, 839 F.3d 1326, 1333 (11th Cir. 2016) (citing United States v. Smith, 532 F.3d 1125, 1129 (11th Cir. 2008)).[1] At issue here is whether the firearm was stolen. The parties stipulated that the firearms were a part of interstate commerce.

Richardson argues the United States did not present evidence sufficient to sustain a guilty verdict. (Doc. 26 at 2). He states the United States' interpretation of § 922(j) "is contrary to law and an interpretation of the statute based on its plain language." (Doc. 26 at 3). According to Richardson, § 922(j) does not apply to the actions Richardson admits he took on December 19, 2017. (Doc. 13 at 2 (acknowledging Richardson "removed the shotgun named in the Indictment from gun rack on a four-wheeler on the property and laid the shotgun on the ground, but did not remove the shotgun from the property"); id. ("The rifle named in the Indictment was placed by

---

[1] Other Eleventh Circuit cases frame § 922(j) as a four-part requirement that is substantively identical to the three-part definition, except that the four-part test separates "possess" and "stolen." United States v. Johnson, 275 F. App'x 907, 908 (11th Cir. 2008) ("In this case, to establish possession of a stolen firearm, the government must prove beyond a reasonable doubt that the defendant: (1) possessed; (2) a stolen firearm; (3) which was part of interstate commerce; (4) knowing or having reasonable cause to believe that the firearm was stolen.").

4

the Defendant in a pile along with a number of other items that he gathered during the five plus hours he was on the property. The rifle was not taken from the property.")). Instead, he argues "[t]he statute uses the past tense in a purposeful manner, suggesting an interpretation that the term 'stolen' refers to the preexisting characteristic of the firearm as of the time that the defendant first obtains possession as opposed to the manner in which the defendant first obtains possession." (Doc. 26 at 3).

The United States argues that because Richardson moved the firearms around the barn and because it was "uncontested the defendant was in possession of the firearms with the intent to take the firearms from the rightful owner," his actions violate § 922(j).

Richardson relies on one non-binding Tenth Circuit case, United States v. Rowlett, 23 F.3d 300 (10th Cir. 1994), involving the United States Sentencing Guidelines, for support. In Rowlett, the defendant appealed his sentence for making a false statement during the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6).[2] The district court increased Rowlett's offense level by two, finding that because Rowlett acted by way of fraud (he paid for the gun with a counterfeit check and he utilized a fictitious driver's license), the firearm was stolen as described in U.S.S.G. § 2K2.1(b)(4).[3] United States v. Rowlett, 23 F.3d 300, 303 (10th Cir. 1994), overruled by United States v. Goff, 314 F.3d 1248 (10th Cir. 2003). The Tenth Circuit held that the district court erred in enhancing the offense level and remanded the case.

However, Rowlett arose in an entirely different context than § 922(j): the application and interpretation of a sentencing guidelines enhancement. As the Tenth Circuit later explained, in overruling Rowlett following an amendment to the Guidelines Application Notes, Rowlett stood

---

[2] While the Government charged Rowlett with interstate transportation of a stolen firearm in violation of § 922(j), the Government subsequently agreed to dismiss that count in exchange for a guilty plea to providing a false statement in acquisition of a firearm. Rowlett, 23 F.3d at 302.
[3] U.S.S.G. § 2K2.1(b)(4) provides, in relevant part, that "[i]f any firearm (A) *was* stolen, increase by 2 levels . . . ." (emphasis added).

5

for the proposition "that that the two-level enhancement should not be applied in any case where the sole conviction was for one of the enumerated offenses involving stolen firearms or ammunition . . . ." Goff, 314 F.3d at 1249.

On the other hand, the Eleventh Circuit has affirmed a conviction in a factually similar unpublished case. United States v. Jones, 266 F. App'x 886 (11th Cir. 2008). There, defendant Jones went onto school grounds and burglarized a mobile home in which the school's security guard lived. Id. at 888. Upon return, the guard and the responding law enforcement located Jones not far from the mobile home. Id. In all, three firearms were removed from the guard's mobile home. Id. A jury convicted Jones of possessing a firearm by a convicted felon and possession of a stolen firearm, in violation of §§ 922(g) and (j), respectively. Jones challenged the sufficiency of his evidence as to whether he had constructively or actually possessed the firearms.

The Court held that sufficient evidence existed for a jury to conclude Jones had burglarized the trailer. This evidence, the court reasoned, meant Jones "had actual possession of the guns when he carried them out of the trailer and onto the school grounds" and that "it follow[ed] that there was sufficient evidence to convict Jones of knowingly possessing stolen firearms . . . ." Id. at 890. The Court made no distinction as to whether the firearm acquired its stolen characteristic *prior* to Jones possessing it.

Here, the evidence submitted at trial is that Richardson moved the firearms, as well as other objects, from their original locations on the farm and placed the objects in locations scattered about the property. It appeared that Richardson was placing the stolen objects in piles for later pickup. The owners testified where the firearms were usually located and that they discovered them in a different location on the morning of December 19. The Court instructed the jury on the legal definition of stolen. It instructed that "[a] firearm is stolen if it was taken with

the intent to deprive the owner of possession of the gun." (Doc. 23-2 (Final Jury Charges) at 8). A reasonable jury could conclude Richardson committed the act of stealing the firearms. And therefore, evidence existed from which the jury could conclude Richardson knowingly possessed stolen firearms.

The United States presented sufficient evidence from which the jury could conclude Richardson (1) possessed (2) stolen firearms that (3) were part of interstate commerce, (4) which the defendant knew or had reason to know were stolen. Upon consideration, viewed in the light most favorable to the Government, the evidence adduced at trial supports a reasonable determination that Richardson is guilty of violating 18 U.S.C. § 922(j). Accordingly, Richardson's motion for judgment of acquittal is **DENIED**.

**b. Motion for New trial**

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence . . . ; and the other based on any other reason, typically the interest of justice . . . ." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny a motion for new trial rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987). Richardson invokes the interest of justice ground to argue that "it would be a miscarriage of justice to let the verdict stand." (Doc. 26 at 4). He argues "the Government's proof failed as a matter of law to prove the element necessary to convict" Richardson, repeating the same argument made in support of a judgment of acquittal. For the same reasons the Court denied Richardson's motion for judgment of acquittal, his motion for a new trial is **DENIED**.

### III. Conclusion

For the reasons explained above, Richardson's Motion for Judgment of Acquittal and in the Alternative, Motion for New Trial (Doc. 26) is **DENIED**.

**DONE** the 4th day of June 2018.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**