# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:18-00027-KD-MU |
| | ) |
| DUSTEN ANDREW RICHARDSON, | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Dusten Andrew Richardson (Richardson)'s "Objection, Rebutt of Presumption of Detention Order, Judgment and Commitment Order, Void Judgment" (Doc. 59), and letter Motion for Early Release from Custody (Doc. 60).

As background, following an April 2018 jury trial (felon in possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2)), on August 24, 2018, Richardson was sentenced to 45 months as to Count 1 with credit for time served since February 28, 2018, said term to run concurrently with any state sentence, and SRT for three (3) years.  (Doc. 40).  Richardson's sentence was affirmed on September 12, 2019, and the Eleventh Circuit's mandate issued on October 11, 2019. (Docs. 50, 51).   On April 17, 2020, Richardson filed a motion to be released from custody, which was denied on May 12, 2020.  (Docs. 52, 53). Presently, Richardson is incarcerated at Berlin FCI (New Hampshire) with a listed **September 19, 2021 release date.**  The Court now turns to Richardson's current motions.

**I.**    <u>Defendant Richardson's Objection (Doc. 59)</u>

In support of his objection, Richardson cites 5 U.S.C. § 702 as the basis for the relief he seeks.  Specifically, based on Section 702, Richardson asserts that he was denied judicial due process and that this federal forum lacks authority over him because such has no authority over the State of Alabama and no "authority to enact sanctions against private individuals or individual

actions[.]" (Doc. 59 at 1-2). Richardson contends that the State of Alabama "had and has original jurisdiction and sole Judicial authority over the purported matter accused against me, supported by Article 10 of the Bill of Rights[.]" (Id. at 2). Richardson argues further, that the federal charges against him should be "made void," the judgment is void, and he should be "immediately release[d] from unlawful custody[]" and returned to the State of Alabama to "seek my Pastor, to help me resolve my past and now my current mental anguish of being place[d] in involuntary servitude, for federal charges I never violated[.]" (Doc. 59 at 2). Apparently then, Richardson is citing Section 702 to argue that the criminal sentence and judgment issued against him should be rendered void as this federal court lacks authority -- because there is no federal authority over him, only the authority of the State of Alabama.

> Title 5 United States Code Section 702 -- Right of review -- provides as follows:
>
> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

As set forth in Ishler v. C.I.R., 442 F.Supp.2d. 1189, 1208 (N.D. Ala. Jul. 5, 2006):

> This provision has been construed broadly, and it applies to *all* actions for non-monetary relief against the United States, not just actions actually pled under the APA. See *Florida Marine Contractors v. Williams,* No. 2:03CV229–T–30SPC, 2004 WL 964216, *2–3 (M.D.Fla. April 22, 2004) ("[T]he waiver of sovereign immunity contained in Section 702 of the APA is a general waiver of sovereign immunity without a limitation on whether a cause of action under the APA is also

pled.") (citing *Panola,* 762 F.2d at 1555;*Sheehan v. Army and Air Force Exchange Service,* 619 F.2d 1132, 1139 (5th Cir.1980)*, overruled on other grounds by* Army & Air Force Exchange Service v. Sheehan, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982)).

Moreover, as explained in Coleman v. U.S., 2007 WL 2350256, *4-5 (W.D. La. Jun. 14, 2007) (emphasis added) Report & Recommendation*, adopted by* Civil Action No. 2:07-CV-00594 (W.D. La. Aug. 13, 2007), *aff'd,* 218 F.3d 746 (11th Cir. May, 26, 2000):

> Petitioner may not proceed under ...[Section 702] ... because the legal wrong he claims to be suffering is not the result of agency action. Petitioner contends that the BOP is supervising the execution of a sentence which they know to be illegal and unconstitutional. However, the BOP is merely executing the sentence imposed by the United States Court for the Middle District of Georgia. Petitioner does not suggest that the BOP is in any way violating the mandate of that court. **In short, it is not agency action that petitioner contests; it is the sentence imposed by the United States Court which petitioner contends is illegal and unconstitutional.**
>
> **In other words, petitioner complains that his custody is in violation of the Constitution and laws of the United States...**
>
> **The right to proceed under § 702 is qualified by the provisions of 5 U.S.C. § 704** which provides for judicial review of agency action only if "... there is *no other adequate remedy in a* court ..." (Emphasis supplied)
>
> Specific statutes provide the procedures that may be employed by prisoner-litigants, such as petitioner, who seek a speedier release from custody based on the constitutionality of their sentence or the manner in which their otherwise valid sentences are being executed. For example**, 28 U.S.C. § 2241 is available and may be used to challenge the manner in which the sentence imposed by a federal court is executed**. See *Warren v. Miles,* 230 F.3d 688, 694 (5th Cir.2000). **28 U.S.C. § 2255 provides the exclusive process which allows federal inmates to collaterally attack the legality of their sentences.** See *Cox v. Warden, Fed. Det. Ctr.,* 911 F.2d 1111, 1113 (5th Cir.1990). **In other words, petitioner may not rely on the provisions of § 702 because other adequate remedies have been made available by federal statute.**
>
> Further, the final sentence of 5 U.S.C. § 702 states, "Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." **Petitioner may not rely on 5 U.S.C. § 702 because as is shown hereinafter, 28 U.S.C. §§ 2241 and 2255 provide limitations on judicial review of the constitutionality of petitioner's sentence**

> **and absolutely forbid in this instance, what amounts to a collateral attack on petitioner's federal sentence.**

Upon consideration, Richardson's Section 702 Objection lacks merit and amounts to an improper collateral attack on his federal sentence. At best, Richardson appears to object to the sentence imposed against him by this Court as illegal and/or unconstitutional. In this sense, Richardson takes issue with the federal judiciary's ability to have any authority over him to issue the judgment and sentence against him in his criminal case. This is an attack on the constitutionality and/or legality of his federal sentence for which adequate remedies exist (*e.g.*, Section 2241, Section 2255); "[i]n other words ... [Richardson] may not rely on the provisions of § 702 because other adequate remedies have been made available by federal statute[]" and he "may not rely on 5 U.S.C. § 702 because ... 28 U.S.C. §§ 2241 and 2255 provide limitations on judicial review of the constitutionality of ... [his] sentence and absolutely forbid in this instance, what amounts to a collateral attack on petitioner's federal sentence." See Coleman, *supra*. Thus, Richardson's objection is **DENIED**.

## II.     Defendant Richardson's Motion for Early Release from Custody (Doc. 60)

Richardson moves, again, for an early release from federal custody referencing his "mandate" of September 19, 2021. (Doc. 60). Richardson's asserted grounds for early release are to be able to meet her daughter by surprising her, and to then begin to be a real father to her.

To the extent the motion is one to motion to modify or amend his federal sentence, the Court lacks jurisdiction to do so. And the undersigned has already ruled as such in its May 12, 2020 Order which denied Richardson's motion to reconsider (Doc. 52) his request to be released (Doc. 53). As the grounds for denial of Richardson's current motion are equally applicable here, the Court restates the reasons set forth for the prior denial of Richardson's first request:

As explained by the Eleventh Circuit in U.S. v. Phillips, 597 F.3d 1190, 1194-1197 (11th Cir. 2010), "[o]nce a sentence is imposed, the 'authority of a district court to modify an imprisonment sentence is narrowly limited by statute.'" Indeed, a district court has *no* "inherent authority" to modify a sentence that has already been imposed. United States v. Diaz–Clark, 292 F.3d 1310, 1315, 1319 (11th Cir.2002). Additionally, Rule 35(a) specifies that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). The time limit imposed under Rule 35(a) is jurisdictional. See, e.g., Phillips, 597 F.3d at 1196–1197); Diaz–Clark, 292 F.3d at 1319. As explained by the Eleventh Circuit in Phillips:

> .....§ 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).[10] Only § 3582(c)(1)(B) is relevant to the issue of whether the district court could modify the 324-month sentence imposed on December 5, 2008 based on the government's motion for reconsideration. Section 3582(c)(1)(B) provides:
>
>> The court may not modify a term of imprisonment once it has been imposed except that- (1) in any case- ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ....

18 U.S.C. § 3582(c)(1)(B). The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35. No party claims any other *statutory* authority is applicable here. Thus, we focus on Rule 35.

Federal Rule of Criminal Procedure 35 significantly restricts how and when a district court may modify an imprisonment sentence. Rule 35(a) provides "....the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a)....Thus, under Rule 35(a), a court can correct a sentence only for "arithmetical, technical, or other clear error" ......

.... this Court has held that the ..... limit in Rule 35(a) is jurisdictional, and that "[o]utside of Rule 35(c)[14] there exists no 'inherent authority' for a district court to modify a sentence." .....

> .... Based on *Diaz-Clark* and § 3582(c)(1)(B), and absent other statutory authority, we know that a district court lacks jurisdiction to modify a defendant's original imprisonment sentence except within ....the [14] days as provided by Rule 35(a).
>
> (Id. (footnote omitted)).  See also generally United States v. Catalano, 429 Fed. Appx. 943, 944 (11th Cir. 2011) (same).
>
> As grounds for his motion -- and for his sentence to be reduced essentially in half -- Richardson cites no statutory authority, no federal rules, no case law, and no other legal support.  Richardson also does not allege any arithmetical, technical, or other clear error, nor has he shown any.  Therefore, Rule 35(a) is not available.  Additionally, Rule 35(b) provides for a motion for reduction of a sentence upon substantial assistance.  However, the United States has not made such a motion.  Therefore, Rule 35(b) is not available.  Put simply, Richardson has asserted no grounds -- other than simply wishing to be with his family -- to modify his sentence and be released.  Title 18 U.S.C. § 3582(c)(2), allows a court to modify a term of imprisonment once it has been imposed *but* the limited circumstances identified in that statute do not appear to exist in this action.  Thus, the Court has no authority to reconsider Richardson's sentence.  Catalano, 2011 WL 2342581, *1 (finding none of the circumstances allowing modification of a sentence were present and affirming the district court's recognition that it had "no authority to reconsider Catalano's sentence").  Accordingly, it is **ORDERED** that the Richardson's motion (Doc. 52) is **DENIED.**

Richardson's current motion, just as with the prior motion to be released, asserts no grounds to modify his sentence and be released.  As such, Richardson's motion (Doc. 60) is **DENIED.**

**DONE** and **ORDERED** this **12th** day of **August 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**