IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:18-00027-KD-MU |
| | ) |
| DUSTEN ANDREW RICHARDSON, | ) |
|    Defendant. | ) |

**ORDER**

The matter came before the Court on July 29, 2022 for a competency hearing pursuant to 18 U.S.C. § 4241. Present at the hearing were Defendant Dusten Andrew Richardson (Richardson); Richard Shields, Esq., counsel for Richardson; and Assistant United States Attorney Justin Roller, counsel for the Government.

On February 21, 2018, Richardson was indicted for possession of a stolen firearm, 18 U.S.C. § 922(j) (Count 1). (Doc. 1). On March 6, 2018, Richardson was arraigned at which time he entered a plea of not guilty. (Doc. 11). An April 30, 2018 jury trial was held at which time Richardson was found guilty. (Docs. 21, 23, 24). On August 24, 2018, Richardson was sentenced to 45 months as to Count 1 with credit for time served since February 28, 2018, said term to run concurrently with any state sentence, and SRT for three (3) years. (Doc. 40). Richardson appealed (Doc. 38), and his sentence was affirmed by the Eleventh Circuit on September 12, 2019, and mandate issued on October 11, 2019. (Docs. 50, 51). On September 17, 2021, Richardson was released from the custody of the Bureau of Prisons and began his supervised release term. (Doc. 66). On April 14, 2022, Richardson was arrested pursuant to a warrant issued for his alleged supervised release violation. (Doc. 67). On April 15, 2022, the Court held an initial appearance and preliminary hearing regarding the petition to revoke Richardson's supervised release, at which time counsel Richard E. Shields was appointed to represented him and Richardson was ordered to

be detained until the May 20, 2022 revocation of SRT hearing. (Doc. 69).

On April 21, 2022, counsel for Richardson filed the present motion for a psychological evaluation. (Doc. 71). As grounds, counsel asserts as follows: he believes Richardson "may not fully understand the nature, consequences and seriousness" of the revocation petition; Richardson has been "completely unable or unwilling to cooperate with his probation officer[;]" Richardson "expressed ... delusional beliefs" about being monitored by the government; Richardson's mother feels that he is experiencing a serious mental deterioration; Richardson's mental state at an April 20, 2022 meeting was "more agitated" and indicated he would not cooperate with counsel; interviews with counsel suggest that he suffers from some mental illness that may interfere with his ability to assist in his defense; and Richardson's April 15, 2022 court appearance suggested mental illness. (Id.) Per counsel, the United States and the U.S. Probation Officer do not object to the motion or evaluation. (Id.)

On April 22, 2022, the Court cancelled the revocation hearing and granted the motion, finding that there was reasonable cause to believe that Richardson may presently be suffering from a mental disease or defect that renders him mentally incompetent such that he is unable to understand the nature and consequences of the revocation proceedings against him or to assist properly in his defense, 18 U.S.C. § 4241. (Doc. 72). The Court ordered Richardson to be committed to the custody of the Attorney General and transferred to a facility designated by the Bureau of Prisons for a Section 4241(a) psychiatric or psychological examination and report to be completed as promptly as possible, but not to exceed thirty (30) days, and for an 18 U.S.C. § 4247(c) written report to be submitted containing the competency findings. (Id.)

On June 21, 2022, the Court received a letter from the Bureau of Prisons notifying the court as to the status of Richardson's evaluation. (Doc. 73). On July 5, 2022, the Court received the

psychiatric report (forensic evaluation) on Richardson. (Doc. 74). In the opinion of the Bureau of Prison's forensic psychologist Jessica Micono, Psy.D., Richardson is competent to proceed because he is "not currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." (Doc. 74 at 16). On July 7, 2022, the Court set a competency hearing and final hearing on revocation of his supervised release. (Doc. 75).

On July 29, 2022, the Court conducted an 18 U.S.C. § 4247(d)[1] competency hearing to determine whether Richardson is competent to proceed with his revocation of supervised release proceeding. "The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). And due process requires that a defendant have the mental competence to participate in supervised release revocation proceedings against him. Pate v. Robinson, 383 U.S. 375, 384-86 (1966) (the due process clause prohibits states from trying and convicting mentally incompetent defendants). No Supreme Court case has addressed the question of how a court should proceed when a defendant's competency is questioned for a supervised release revocation hearing. United States v. Dotson, 2008 WL 161470, *3 (S.D. Ill. Jan. 17, 2008). However, the Eleventh Circuit in USA v. Saingerard, 394 Fed. Appx. 641, 642 (11th Cir. 2010) stated: "We have applied the same due-process standards for competency at a probation-revocation hearing as provided at a criminal trial. *See United States v. Gray,* 421 F.2d 316, 317-18 (5th Cir.1970). Because probation and supervised

---

[1] **(d) Hearing.**--At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

3

release are conceptually identical, courts treat revocations the same, whether they involve probation or supervised release. *See United States v. Frazier,* 26 F.3d 110, 113-14 (11th Cir.1994)." Additionally, some courts within the Eleventh Circuit have found it appropriate to apply the system of competency proceedings developed in the *Insanity Defense Reform Act of 1984,* 18 U.S.C. §§ 4241–4246, to supervised-release revocation proceedings, applying Section 4241(d). United States v. Ward, 2014 WL 1492858, *3 (M.D. Ala. Apr. 16, 2014) (citing United States v. Avery, 328 F.Supp.2d 1269, 1271-1272 (M.D. Ala. 2004) (applying Section 4241(d) to revocation hearings)). Other district courts nationwide agree. See e.g., Dotson, 2008 WL 161470 at *3-4 (listing cases and applying 4241(d)); United States v. Kennedy, 2005 WL 2988722 (D. Kan. Oct. 4, 2005) (applying 4241(d));

> Section 4241(d) provides, in part, as follows:
>
> (d) Determination and disposition. -If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General....

Under this standard, Richardson is not mentally competent for a supervised release revocation proceeding if the Court finds, by a preponderance of the evidence, that he "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." But, Richardson is mentally competent for such proceeding if he is found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (stating the standard); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) (same); United States v. Rahim, 431 F.3d 753, 759 (11th

Cir. 2005) (*per curiam*) (same)); Adams v. Wainwright, 764 F.2d 1356, 1359-1360 (11th Cir.1985) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) (same); See also Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) ("the question is whether [the defendant] has the ability to understand the proceedings[]").

Upon consideration of all matters presented, including the opinions of the BOP Forensic Psychologist Dr. Micono and with no objection by Richardson's counsel, the Court finds, by a preponderance of the evidence, that there is no "reasonable cause to believe the defendant is presently suffering from a metal disease or defect rendering him mentally incompetent[]" (*i.e.*, Richardson is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(a)). As such, it is **ORDERED** that Richardson is competent and this matter shall proceed to the revocation hearing.[2]

**DONE** and **ORDERED** this **1st** day of **August 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Richardson has been discharged from the facility.